## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

FINANCIAL CREDIT INVESTMENT    )
II TRUST E,                    )
                               )
        Plaintiff,             )
                               )
    v.                         )          No. 4:23-cv-00355-DGK
                               )
ESTATE OF GEORGIA TOWERS, et al., )
                               )
        Defendants.            )

## ORDER GRANTING MOTION TO REMAND

This lawsuit involves the proceeds of a stranger-originated life insurance ("STOLI") policy. Plaintiff seeks a declaration that the Estate of Georgia Towers, by its executor Edwin L. Towers ("Towers"); Edwin L. Towers, as co-trustee of the Georgia R. Towers Family Trust, dated February 1, 2006; and Edwin L. Towers in his personal capacity (collectively, "Defendants") are barred from recovering a five-million-dollar death benefit on the STOLI policy. Now before the Court is Plaintiff's motion to remand. ECF No. 13.

### Background

On May 22, 2023, Plaintiff filed this action against Defendants in the Circuit Court of Jackson County, Missouri. One day later, on May 23, 2023, the state court notified the parties it had accepted the filing. On May 24, 2023, Defendant Towers removed to this Court based on diversity jurisdiction, 28 U.S.C. § 1332, before any defendant could be served—a maneuver known as "snap removal."

On May 25, 2023, the state court issued the summons and order for a special process server. Defendant Towers was served on June 3, 2023. On June 23, 2023, Plaintiff filed a motion to remand, arguing removal was improper because all Defendants are forum defendants. Plaintiff

does not dispute that diversity jurisdiction exists—Plaintiff is a Delaware statutory trust, and all three Defendants are citizens of Missouri.

Also pending is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(3) or, in the alternative, to stay or transfer this action to the District of Minnesota where the legality of this STOLI policy is also being litigated, albeit Plaintiff is not a party to that litigation.[1]   ECF No. 9.   Because the Court grants Plaintiff's motion to remand, Defendants' motion is denied as moot.

## Standard

Under 28 U.S.C. § 1332(a), the Court has original jurisdiction over cases where the parties are citizens of different states and the amount in controversy exceeds $75,000.   A defendant normally may remove an action from state court where the case falls within the original jurisdiction of the district court.   28 U.S.C. § 1441(a).   But the power to remove is subject to an exception found in 28 U.S.C. § 1441(b)(2) known as the "forum defendant rule."   This rule prohibits an action from being removed to federal court if any defendant "properly joined and served" is a citizen of the state in which the action is brought.   § 1441(b)(2).   Violation of the forum defendant rule is a non-jurisdictional defect that is waived if not raised within thirty days after removal. *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020).

The burden of establishing federal jurisdiction is on the party seeking removal.   *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).   "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quotation omitted).

---

[1] *See Estate of Ann Boggess, et al. v. U.S. Bank, N.A., et al.*, 23-cv-00045-DWF-DJF (D. Minn. Jan. 6, 2023). Defendants here are plaintiffs in the Minnesota litigation.

## Discussion

Plaintiff argues Defendants engaged in "egregious gamesmanship" by removing this suit just two days after it was filed and before any defendant could be served. Plaintiff contends allowing removal in this context violates the congressional intent behind the forum defendant rule, especially since all three Defendants are forum defendants. Defendants argue removal was proper under the plain language of § 1441(b)(2) because none of them were served prior to removal.

While Defendants correctly note this Court previously interpreted § 1441(b)(2) according to its plain language in *Soule v. Langley Recycling, Inc.*, that case is distinguishable. No. 4:19-CV-01031-DGK, 2020 WL 1285926 (W.D. Mo. Mar. 18, 2020). *Soule* involved both a forum and non-forum defendant. After accepting service, the non-forum defendant waited twenty-seven days before removing the case, at which time the plaintiff still had not served the forum defendant. The only question in *Soule* was "whether § 1441(b)(2) allows a served, out-of-state defendant to remove a case when a forum defendant has been named in the suit but not yet served." *Id.* at *2. The Court noted that while the plain language of a statute should generally control, the Eighth Circuit recognizes two narrow exceptions: "1) where there is an unintended result coupled with a compelling indication of the drafters' contrary intent, or 2) where a scrivener's error produces an absurd result." *Id.* (quoting *Owner–Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693 (8th Cir. 2009)). Finding neither of those exceptions applied to the facts at hand, the Court interpreted § 1441(b)(2) according to its plain language and denied remand.

Applying the present facts, however, the Court finds this first exception applies. Permitting removal where all defendants are forum defendants would clearly undermine the intent behind the forum defendant rule. This rule is meant to "allow out-of-state defendants to avoid local bias and remove to a federal forum, while preventing plaintiffs from joining, but not serving, forum

3

defendants to block removal." *Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-CV-0152-DGK, 2017 WL 6209705, at *4 (W.D. Mo. Dec. 8, 2017) (quotation omitted). By virtue of being in-state litigants, Defendants are not subject to local biases if required to remain in state court. *See Perez v. Forest Lab'ys, Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012) ("The rationale underlying the forum defendant rule is most clearly contravened when a *forum defendant itself* removes the action before being served." (emphasis added)). To the contrary, Plaintiff is the only out-of-state litigant subject to local bias. Additionally, by naming only forum defendants, Plaintiff has not engaged in improper joinder to block removal. Had Plaintiff been given the opportunity to serve *any* defendant, removal would have been precluded. But Plaintiff was not afforded this opportunity given Defendants' hasty removal. *See Perfect Output of Kansas City, LLC v. Ricoh Americas Corp.*, No. 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 (W.D. Mo. July 17, 2012) ("[A]llow[ing] a defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes . . . [which] would be against what the courts have long understood to be Congress' intent." (quotation omitted)); *see also Prather v. Kindred Hosp.*, No. 14-0828-CV-W-FJG, 2014 WL 7238089, at *4 (W.D. Mo. Dec. 17, 2014) (granting remand where non-forum defendant removed just two days after plaintiff filed suit and before any defendant could be served). The Court finds snap removal where only forum defendants are named is inconsistent with the fundamental purposes of removal and the forum defendant rule.

**Conclusion**

Accordingly, Plaintiff's motion is GRANTED, and this case is REMANDED. Defendants' motion to dismiss is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  October 16, 2023              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT